(99 App. Div. 72)

VAN BERGEN v. CATHOLIC RELIEF & BENEFICIARY ASS'N.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. WITNESSES—COMPETENCY—COMMUNICATIONS TO PHYSICIAN.

A few months after insured had represented in her application that she was not pregnant, she gave birth to a stillborn child. In an action on the policy the physician who attended assured testified that whatever he learned, he learned in his professional capacity to enable him to treat the case. *Held* that, though he also testified that he could diagnose the case without seeing the child, he could not testify as to what period of gestation had elapsed before birth of the child.

Appeal from Trial Term, Albany County.

Action by William Van Bergen against the Catholic Relief & Beneficiary Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John M. Murphy, for appellant.
Edgar T. Chapman, Jr., and Timothy Roland, for respondent.

CHESTER, J. Counsel for the appellant relies upon a single exception to secure a reversal of this judgment. The action is upon a beneficiary certificate issued by the defendant to Catharine Van Bergen the wife of the plaintiff, dated August 6, 1902, whereby the defendant insured the life of the plaintiff's wife for his benefit in the sum of $500. She died October 26, 1902. The defense is that in answer to the question put to her by the defendant's medical examiner, "Are you pregnant?" she falsely answered, "No," by reason whereof the certificate, under the terms of her application therefor, is void. On the trial the medical examiner who wrote her answer for her testified that he put it down just as she gave it, and that he was positive she answered, "No." Her husband, the plaintiff, on the other hand, testified that he was present, and heard the question asked, and that her

answer was, "Not that I know of." It was shown that on the 13th day of October, 1902, she gave birth to a stillborn child. The physician who attended her at that time was sworn for the defendant. He was asked as to the age of that child. The question was objected to as incompetent, under section 834 of the Code of Civil Procedure. Upon being examined by plaintiff's counsel preliminary to a ruling upon this question, he testified:

"I was attending Mrs. Van Bergen in a professional capacity. * * * I visited her and prescribed for her as her physician. Whatever I know or learned, I know and learned in that capacity. Such information was necessary to enable me to treat the case."

The former question as to the age of the child was withdrawn, and the following question was asked in place thereof:

"Q. How many days or months of gestation had elapsed between the conception of that child and the time of its birth?"

This was objected to on the same ground. The objection was sustained, and the defendant excepted.

The purpose of the question clearly was not to ascertain the age of the child en ventre sa mere, but was to show the length of time the mother had been pregnant, and to show that she was in that condition, and knew it, when she made her application. The burden was upon the plaintiff to show, if it did not otherwise appear, that the information sought by the question was within the statutory exclusion. Edington v. Ætna Life Ins. Co., 77 N. Y. 571. This burden was satisfied when the plaintiff procured from the witness the statement that whatever he learned, he learned in his professional capacity as a physician, and that such information was necessary to enable him to treat the case. It is not to be expected that the trial court, who is not presumed to be an expert upon matters of this kind, should hold, in the face of this evidence from a physician, that the information was not necessary to enable him to prescribe for his patient. The only attempt by the defendant to rebut this testimony was in a single question, as follows:

"Q. The mere fact of the birth of the child didn't enable you to diagnose the previous condition of the woman to enable you to treat her. You diagnosed that without seeing the child, didn't you?"

The witness answered, "Yes." Whether he meant by the affirmative answer to this compound question to testify that the fact of the birth of the child enabled him to diagnose the previous condition of the mother, to enable him to treat her, or that he could make that diagnosis without seeing the child, is not clear. It may be presumed, however, that his answer was intended to be to the last, and not the first, portion of the question, and yet the position of the defendant is not helped. The age of the child, except as that revealed the condition of the mother, was wholly immaterial; and the physician's testimony being privileged, under the Code, with respect to a direct question asking for information concerning the condition of his patient which he acquired while treating her, and which was necessary to enable him to do so, the privilege must also be held to extend to all such information sought for by indirect questions or methods, else the purpose of the law may be entirely circumvented. More than this, the question objected to was broad

enough to permit the witness to give in answer thereto any information which the mother had given to him, as well as any which he might have obtained solely from an inspection of the child.

· We think that the ruling excepted to was correct, and that the judgment and order should be affirmed, with costs. All concur.